**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4913-18

IN THE MATTER OF THE
ESTATE OF CONCHETTA
M. GRIMES, deceased.

_____

Submitted February 28, 2022 – Decided March 8, 2022

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. P-001104-07.

Carmine Fornaro, Jr., appellant pro se.

Vincent R. Kramer, Jr., attorney for respondent.

PER CURIAM

Carmine Fornaro, Jr., (Carmine Jr.) appeals from two orders: a December 3, 2018 order denying his motion to vacate a June 26, 2012 judgment, which was amended[1] to adjudicate applications for counsel fees; and a May 31, 2019

---

[1] The judge's statement of reasons accompanying the December 3, 2018 order refers to the date of the amended judgment as March 22, 2013. We will refer to

order denying his motion for reconsideration. The judge that entered the 2012 judgment (the court) has since retired. Judge Stuart A. Minkowitz (Judge Minkowitz or the judge) took over the ongoing litigation and entered the orders on appeal.

In support of his motion to vacate, Carmine Jr. argued that certain phone records demonstrated fraud between a now-deceased co-executor and decedent. As Judge Minkowitz found, the phone records revealed no fraud and merely corroborated a stipulated fact that the co-executor and decedent frequently talked. In denying the motions to vacate and for reconsideration, Judge Minkowitz rendered comprehensive and detailed written statements of reasons on which we substantially agree. We therefore affirm and add the following remarks.

In 2003, Conchetta M. Grimes (Grimes) executed a revocable trust and, also, her last will and testament. Grimes appointed two family members as her executors: her brother Carmine Jr.; and his daughter, Maria P. Fornaro (Maria). Grimes, slip op. at 2. The residuary clause stipulated that the remainder of the estate would be distributed to the revocable trust. Grimes named Carmine Jr.

---

the date of the amended judgment as March 27, 2013, like we did in rendering our unpublished decision In re Prob. of Will & Alleged Codicil of Grimes, No. A-0729-12T3 (App. Div. July 21, 2014), which upheld the validity of the will and codicil.

and his wife as the beneficiaries of the trust.  Alternatively, if Carmine Jr. and his wife predeceased Grimes, then the remainder passed to their children.

On November 22, 2006, Grimes amended her will by adding a codicil. The codicil removed the prior executors and named two other family members as her executors:  her brother Felix Fornaro (Felix), who is now deceased; and Felix's son, Carmine Carl Fornaro (Carmine C.).  The codicil restructured the residuary clause by dividing the residuary into equal one-third portions:  one-third to Felix, one-third to Grimes's sister, and one-third to Carmine Jr.  Shortly thereafter, Grimes moved from Florida to New Jersey.

Grimes passed away in January 2007.  In March 2007, Felix and Carmine C. applied for letters of administration in the surrogate's court for Hillsborough County, Florida.  However, after Carmine Jr. challenged the designation of Grimes's domicile, Felix and Carmine C. consented to the removal of the matter to New Jersey.  Litigation then began in this State.

In December 2007, Carmine Jr. and Maria filed an action in New Jersey and sought to void the codicil on the grounds of undue influence.  Felix and Carmine C. opposed the application.  Throughout discovery, Carmine Jr. and Maria wanted records of telephone calls among Grimes, Felix, and Carmine C. to prove their claims of undue influence.  Id. at 2-3.  After failing to produce the itemized phone records, the court precluded Felix and Carmine C. from

3

introducing evidence to rebut arguments about the nature, extent, and existence of telephone calls by, to, or from Grimes.  Id. at 3.

In April 2008, the court appointed Steven Lang, Esq. as the pendente lite interim administrator, and, as a result, Lang acquired the assets from Felix and Carmine C.  In 2011, Lang filed a final interim accounting with the court, which the court approved in 2012.

In April 2012, the court conducted a hearing to adjudicate Carmine Jr.'s and Maria's allegations of undue influence.  The court then issued an oral opinion in favor of Felix and Carmine C.  At some point thereafter, Carmine Jr. and Maria moved for reconsideration.  Ibid.  In response to the motion for reconsideration, the court conducted a one-day bench trial that resulted in the court's June 26, 2012 judgment concluding the codicil was valid.  Ibid.  Shortly thereafter, the Morris County Surrogate's Office issued letters testamentary to Felix and Carmine Jr.  Maria appealed the judgment.

In January 2013, Grimes's real property located at 842 McCallister Avenue, Sun City Center, Florida was sold for $83,000.  In March 2013, the court heard oral argument on an application for legal fees filed by Felix and Carmine C.  Ibid.  On March 27, 2013, the court amended its June 26, 2012, judgment to include an award of counsel fees to Carmine C.'s attorney of $37,500.  Ibid.  Subsequently, Maria amended her appeal.  In 2014, we issued

our decision upholding the finding that the codicil was valid and affirming the decision regarding counsel fees. Id. at 1-8.

In December 2014, Carmine C. filed his first and final accounting with the court. On October 23, 2015, the surrogate approved the accounting except for certain checks issued in 2012 by Felix and Carmine C. related to the repayment of a debt they believed was owed to them by the estate. In November 2015, the judge denied Carmine Jr.'s motion seeking vouchers and documentation pertaining to the estate. The judge then denied Carmine Jr.'s reconsideration motions.[2]

In 2017, the judge held a plenary hearing regarding the exceptions to the accounting, namely the checks issued by Felix and Carmine C. On July 26, 2017, the judge ordered Felix and Carmine C. to return a portion of the money to the estate totaling $23,728.89, which they did. The order further stated that Carmine C. and Felix appropriately retained $917.56. The judge then issued the orders under review.

---

[2] On August 19, 2016, the court denied Carmine Jr.'s motion for reconsideration of a prior order dated December 7, 2015. On December 14, 2016, the court denied Carmine Jr.'s motion for reconsideration of the order dated August 19, 2016.

 A-4913-18

On appeal, Carmine Jr. argues:

[POINT I]

[CARMINE C. AND FELIX'S] MISMANAGEMENT OF THE TRUST REAL PROPERTY LOCATED AT 842 MCCALLISTER AVENUE, SUN CITY CENTER, FLORIDA CAUSED DAMAGES OF AT LEAST $231,000.

[POINT II]

[CARMINE JR.'S] RULE 4:50 MOTION WAS IMPROPERLY DENIED BASED UPON RES JUDICATA AND [LACHES] NOTWITHSTANDING [CARMINE C. AND FELIX'S] FRAUDULENT CONCEALMENT OF THEIR TELEPHONE RECORDS THAT THWARTED THE PRESENTATION OF THE CLAIM THAT MS. DIMONDA EXERTED UNDUE INFLUENCE.

[POINT III]

[CARMINE C. AND FELIX'S] FRAUD ON THE FLORIDA COURT.

[POINT IV]

[CARMINE C.'S] FRAUD ON THE APPELLATE DIVISION. ([N]ot raised below).

[POINT V]

ATTORNEY FEES IMPROPERLY AWARDED TO [CARMINE C. AND FELIX] FROM THE ESTATE.

6

[POINT VI]

ACCOUNTING      APPROVED      WITHOUT
ADJUDICATING EXCEPTIONS MADE.

We disagree with these contentions and affirm substantially for the reasons expressed by Judge Minkowitz.[3]

The denial of a Rule 4:50-1 motion for relief from judgment will not be disturbed absent a clear abuse of discretion.  In re Guardianship of J.N.H., 172 N.J. 440, 473 (2002).  We find "an abuse of discretion when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (internal quotation marks omitted) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (Rivera-Soto, J., dissenting)).  Carmine Jr. is unable to satisfy this standard.

Carmine Jr. moved to vacate the 2012 judgment in 2018.  He argued that 2006 phone records, which Felix asserted were not available before the trial in 2012, demonstrated that Felix and Grimes communicated together and that those records were relevant to his allegation of undue influence.  Carmine Jr. obtained

---

[3]  In addition, we substantially agree with the judge's written statement of reasons he rendered when he denied Carmine Jr.'s motions for more specific accounting information; to hold co-executors in contempt; to shift counsel fees to co-executors; and for reconsideration of multiple orders rendered before the judge issued the orders under review.

the phone records in 2015 by issuing a subpoena to Verizon. Setting aside for the moment that the parties stipulated before the court that Felix made frequent telephone contact with Grimes, as Judge Minkowitz pointed out, the records "contain no indicia of the nature or character of the communications transmitted." Additionally, we upheld the court's findings, which recognized in part the parties' stipulated facts. Thus, the phone records, which could have been subpoenaed from the third party before the entry of the 2012 judgment, do not, as the judge concluded, warrant vacation of the judgment under the rule.

Finally, the litigation began approximately fifteen years ago. To the extent that Carmine Jr. has not waived his contentions on appeal, they are barred by laches, collateral estoppel, res judicata, and the entire controversy doctrine. We therefore decline to disturb the 2012 judgment, its amendment, or the findings made by Judge Minkowitz.

To the extent we have not addressed Carmine Jr.'s contentions, we conclude that they are without sufficient merit to warrant attention in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4913-18